FILED

UNITED STATES DISTRICT COURT 2018 MAR 22 PM 3: 58
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

UNITED STATES OF AMERICA

v.                                              CASE NO. 6:18-CR-65-ORL-31-DCI
                                                18 U.S.C. § 1349
JONATHAN BROWN

## INFORMATION

The United States Attorney charges:

### COUNT ONE
### (Conspiracy to Commit Mail Fraud)

#### A.  Introduction

At times material to this Information:

1.     Jonathan Brown ("Brown") was a resident of Winter Garden,

Florida, located within Orange County in the Middle District of Florida.

2.     The Government Employees Insurance Company ("GEICO")

was an automobile insurance company headquartered in Chevy Chase,

Maryland, and providing automobile insurance coverage for motor vehicles

and their passengers throughout the United States.

3.     "Compensatory damages" are damages payments made to

compensate the claimant for losses, injuries, and harms suffered as the result

of the breach of a legal duty by another.

## B.   The Conspiracy

4.      Beginning on an unknown date, but no later than on or about May 10, 2013, and continuing at least until in or around January 2014, in the Middle District of Florida and elsewhere, the defendant,

### JONATHAN BROWN,

did knowingly and willfully combine, conspire, confederate and agree with others, known and unknown to the United States Attorney, to execute and attempt to execute a scheme and artifice to defraud, and to obtain money and property by means of false and fraudulent pretenses, representations, and promises, by utilizing the United States mail and private and commercial interstate carriers, for the purpose of executing such scheme and artifice, in violation of 18 U.S.C. § 1341.

## C.   Manner and Means of the Conspiracy

5.      The manner and means by which the conspirators sought to accomplish the objects and purposes of the conspiracy included, among other things, the following:

a.      It was part of the conspiracy that conspirators would, and did, agree to stage a two-car motor vehicle accident in or around Winter Garden, Florida;

b.      It was further part of the conspiracy that conspirators

2

would, and did, stage a two-car motor vehicle accident in or around Winter Garden, Florida;

c.      It was further part of the conspiracy that conspirators would, and did, agree to tell first responders that the occupants of the two vehicles involved in the collisions did not know each other when, in fact, they did;

d.      It was further part of the conspiracy that conspirators would, and did, agree to claim that they had been injured in the collision when, in fact, they had not;

e.      It was further part of the conspiracy that conspirators would, and did, seek unnecessary medical treatment for injuries supposedly sustained during the collision;

f.      It was further part of the conspiracy that conspirators would, and did, cause companies providing motor vehicle and related insurance coverage to conspirators to be billed for unnecessary medical treatment obtained for injuries supposedly sustained during the collision;

g.      It was further part of the conspiracy that conspirators would, and did, make false claims of lost wages to conspirators' insurers that supposedly resulted from injuries sustained during the collision;

h.      It was further part of the conspiracy that conspirators

3

would, and did, make false claims for compensatory damages to conspirators' insurers for injuries supposedly sustained during the collision as a result of other conspirators' negligence;

i.    It was further part of the conspiracy that conspirators would, and did, cause conspirators' insurers, including GEICO, to mail checks, via the United States mail, to conspirators, conspirators' attorneys, and conspirators' providers of unnecessary medical treatment in satisfaction of the false claims and bills that conspirators caused to be presented to those insurers.

j.    It was further part of the conspiracy that conspirators would, and did, misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden, acts done in furtherance of the conspiracy and the purpose of those acts.

All in violation of 18 U.S.C. § 1349.

### FORFEITURES

1.    The allegations contained in Count One of this Information are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c).

2.    From his engagement in any or all of the violations alleged in

4

Count One of this Information, involving a conspiracy to commit mail fraud, in violation of 18 U.S.C. § 1349, the defendant,

JONATHAN BROWN,

shall forfeit to the United States, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c), any and all of the defendant's right, title and interest in any property, real and personal, constituting and derived from proceeds traceable to such offenses.

3.    The assets to be forfeited include, but are not limited to, approximately $10,354.09, which represents the proceeds the defendant obtained as a result of the conspiracy alleged in Count One of this Information.

4.    If any of the forfeitable assets described above, as a result of any act or omission of the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    have been transferred or sold to, or deposited with, a third party;

      c.    have been placed beyond the jurisdiction of the court;

      d.    have been substantially diminished in value; or

      e.    have been commingled with other property which cannot be divided without difficulty,

5

the United States of America shall be entitled to forfeiture of substitute property under the provisions of 21 U.S.C. § 853(p), as incorporated by 28 U.S.C. § 2461(c).

MARIA CHAPA LOPEZ
United States Attorney

By: _____
Eric K. Gerard
Assistant United States Attorney

By: _____
Stacie B. Harris
Assistant United States Attorney
Chief, Major Crimes Section